[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15847
Non-Argument Calendar
_____

D.C. Docket No. 3:97-cr-00188-HES-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEVELAND A. GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 6, 2013)

Before CARNES, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Cleveland Griffin, proceeding pro se, appeals his statutory maximum sentence of five years imprisonment, imposed following the mandatory revocation of his supervised release under 18 U.S.C. § 3583(g) for possessing and selling marijuana. The district court imposed an upward variance of three months from the applicable guidelines range of 46 to 57 months imprisonment after determining that Griffin had given perjured testimony at his revocation hearing. Griffin contends that his sentence was unreasonable because the district court focused solely on the fact that he had lied under oath and, in so doing, failed to consider any other factors under 18 U.S.C. § 3553(a), including the recommended guidelines range and his criminal history.

We review a sentence imposed upon revocation of supervised release for reasonableness, applying a deferential abuse of discretion standard. See United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006); United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006). We first look at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances, typically with reference to the § 3553(a) sentencing factors. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). The party challenging the sentence bears the burden of showing that it is procedurally or substantively unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

When a term of supervised release is revoked under 18 U.S.C. § 3583(e), a district court may impose a term of imprisonment after considering the § 3553(a) factors, which include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to afford adequate deterrence, promote respect for the law, and protect the public from the defendant's future criminal conduct. 18 U.S.C. §§ 3583(e)(3), 3553(a). However, when revocation and imprisonment are mandatory under § 3583(g) because a defendant has violated the terms of his supervised release by possessing a controlled substance, "the statute does not <u>require</u> consideration of the § 3553(a) factors." <u>United States v. Brown</u>, 224 F.3d 1237, 1241 (11th Cir. 2000). The only statutorily imposed limitation on mandatory terms of imprisonment under § 3583(g) is that they not "exceed the maximum term of imprisonment authorized under [§ 3583](e)(3)," which in this case was five years. 18 U.S.C. § 3583(g).

Because Griffin was subject to mandatory revocation of his supervised release under § 3583(g) for possessing marijuana, a controlled substance, the district court was not required to consider the § 3553(a) factors in imposing his sentence. <u>See</u> <u>Brown</u>, 224 F.3d at 1241. Even so, the district court implicitly considered some of the § 3553(a) factors when it noted that it had imposed an above-guidelines sentence because Griffin had lied on the stand and continued to flout the law despite his earlier convictions and sentences. The court also did not

abuse its discretion in imposing an upward variance of three months because Griffin's sentence did not exceed the five-year maximum term authorized by statute.  See 18 U.S.C. § 3583(e)(3), (g).  And even if Griffin's sentence were expressly assessed under the § 3553(a) factors, it is still substantively reasonable given his undisputed act of perjury, his violation of the conditions of his supervised release, and his extensive criminal history, which includes prior convictions for multiple counts of grand theft and burglary, discharging a firearm in public, the sale or possession of cocaine, robbery, battery, and unlawfully possessing a firearm as a convicted felon.  Griffin has not shown that his sentence was procedurally or substantively unreasonable under the controlling standards and, thus, we affirm.

**AFFIRMED.**